Florence **EISENBRANDT**, et al., Plaintiffs,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

No. 83 C 3791.

United States District Court, N.D. Illinois, E.D.

April 30, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Plaintiffs brought this action on behalf of their decedent, William F. Eisenbrandt, against the Commissioner of Internal Revenue ("Commissioner") for the refund of estate taxes paid in the amount of $15,989.83. The decedent died on April 15, 1975. On October 16, 1978, William H. Eisenbrandt, as Executor of the estate, signed Internal Revenue Service Form 890–AD which is known as "An Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment." By signing that form, the executor agreed that a deficiency tax of $46,003.56 was due and owing based on an evaluation of farm property at issue at $350,000. Prior to that time, the Executor's position was that the farm property was worth $190,000, whereas the government's position was that the property was worth $450,000.

The Commissioner filed a motion for summary judgment in this case on March 5, 1984 when it was pending before Judge Bernard M. Decker on the grounds that Form 890–AD estopped plaintiffs from challenging the tax assessment. On May 24, 1984, Judge Decker denied the motion because the plaintiffs challenged the Com-

missioner's acceptance of the waiver as the Form 890–AD attached to the Commissioner's motion did not reflect the signature of a person with authority to sign the form. The plaintiffs had asserted that they never received the signed form.

On March 18, 1984, the government filed a second motion for summary judgment, now attaching a Form 890–AD signed by R.J. Skendzel on November 28, 1978 as Acting Associate Chief of the Chicago Appeals Office accepting plaintiffs' offer on behalf of the Commissioner. The government asserts by affidavit that this signed Form 890–AD was only recently discovered.

■ The primary issue on this second motion for summary judgment is whether the doctrine of collateral estoppel bars the plaintiffs from challenging the tax assessment because a Form 890–AD was executed in compromise of the tax liability. Plaintiffs argue first that the case law establishes that the mere filing of Form 890–AD does not preclude a suit for a refund by a taxpayer, citing primarily the case of *Unita Livestock Corp. v. United States*, 355 F.2d 761 (10th Cir.1966). This Court agrees with the government, however, that the decision of the Seventh Circuit in *General Split Corporation v. United States*, 500 F.2d 998 (7th Cir.1974) is controlling here. There, the court held that the taxpayer was collaterally estopped to challenge a settlement agreement evidenced by signing a Form 890–AD, even though it was not a formal closing agreement, because the government acted to its detriment in reliance on the agreement by foregoing its right to appeal a Tax Court judgment. Such is also the case here.

■ Second, plaintiffs contend that material questions of fact exist as to "whether the signature of R.J. Skendzel was authorized or merely a rubber stamp applied by an employee." Plaintiffs also challenge Mr. Skendzel's legal authority as Acting Associate Chief to sign the form 890–AD and bind the United States. Neither contention is well-founded in light of the fact

that the government has produced evidentiary material by way of affidavit substantiating the Form 890–AD it has submitted. The Court has examined the Form and finds that the only portion of the signature of Mr. Skendzel which is stamped is his title as Acting Associate Chief. Moreover, plaintiffs argument that as Acting Associate Chief, Mr. Skendzel did not have authority to bind the government is meritless in light of the Delegation Order No. 97 attached to the government's motion which even the plaintiffs concede grants such authority to the Associate Chief. Fed.R. Civ.P. 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When the adverse party fails to "so respond, summary judgment, if appropriate, shall be entered against him." *Id.* If they honestly felt they had a good faith basis, plaintiffs had the obligation to challenge the signature and authority of Mr. Skendzel by appropriate evidentiary submissions, not merely by argument in their motion for summary judgment. At the very least, they could have requested that a ruling on the summary judgment motion be deferred until they could obtain such material, by deposition or otherwise. Given the confines of Rule 56, unsupported assertions are not sufficient to raise material questions of fact.

Accordingly, the Commissioner's motion for summary judgment is hereby granted, and the plaintiffs' complaint is dismissed.